UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN POSTHUMUS,

    Plaintiff,

v.                                        Case No. 1:03-CV-869

BOARD OF EDUCATION OF THE,         HON. GORDON J. QUIST
MONA SHORES PUBLIC SCHOOLS,
DENNIS VANDERSTELT, JENNIFER
BUSTARD, WILLIAM TRUJILLO, and
TERRENCE BABBITT,

    Defendants.
_____/

## OPINION

Plaintiff filed his complaint in this case on December 3, 2003, alleging claims against Defendants under 42 U.S.C. § 1983 for violation of his First Amendment free speech rights and substantive and procedural due process rights under the Fourteenth Amendment. On January 27, 2005, the Court entered an order granting Defendants' motion for summary judgment and dismissing the case. Presently before the Court are: (1) Plaintiff's motion objecting to Defendants' taxed bill of costs entered by the clerk and asking that it be vacated; (2) Plaintiff's motion for enlargement of time for filing responses and objections; and (3) Defendants' motion for prevailing party attorney fees and costs.

**I.**     **Plaintiff's Motion Regarding Taxed Bill of Costs**

Plaintiff has moved to vacate the bill of costs entered by the Clerk on March 7, 2005, on the basis that the transcripts of the deposition of Cindi Posthumus were not necessarily obtained for use

in this case and are therefore not reimbursable costs. The Court will dismiss this motion as moot. The Clerk awarded Defendants costs in the amount of $1025.35, which was $812.35 less than the amount Defendants requested. The taxed bill of cost includes a notation that the cost for the transcripts of the Cindi Posthumus depositions were not included as they were not necessary to support Defendants' motion for summary judgment. The cost of those transcripts was $812.35. Thus, the taxed bill of costs is accurate, and no further reduction is appropriate.

## II.     Plaintiff's Motion for Enlargement of Time

Defendants filed their motion for attorney fees and costs on February 9, 2005. Pursuant to Local Rule 7.3, Plaintiff had until February 28, 2005, to file a response to the motion, but failed to do so. On March 23, 2005, Plaintiff filed a motion for extension of time to respond. In his motion, Plaintiff claims that his counsel was unable to respond in a timely manner because she has been caring for her daughter, who been in a persistent vegetative state since December as a result of a serious injury. Plaintiff contends that that his counsel's family circumstances are sufficient to satisfy Fed. R. Civ. P. 6(b)'s "excusable neglect" standard for extending a deadline after it has expired. In light of the fact that Defendants do not oppose the motion, the Court will grant Plaintiff's request.

## III.    Defendants' Motion for Attorney Fees

Defendants seek an award of attorney fees pursuant to 42 U.S.C. § 1988(b), which provides: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). Courts have recognized that fee awards to prevailing plaintiffs and prevailing defendants under § 1988 are subject to different standards. Attorney fees are usually awarded to prevailing plaintiffs as a matter of course, except in special circumstances, whereas prevailing

2

defendants will be awarded attorney fees in only the most extreme and egregious cases of misconduct. See Roane v. City of Mansfield, No. 98-4560, 2000 WL 1276745, at *1 (6th Cir. Aug. 28, 2000); EEOC v. Columbia Lakeland Med. Ctr., No. CIV. A. 97-3995, 1999 WL 35292, at *1 (E.D. La. Jan. 26, 1999). In Riddle v. Egensperger, 266 F.3d 542 (6th Cir. 2001), the Sixth Circuit summarized the guidelines that a district court should follow in determining whether to award fees to a prevailing defendant:

> An award of attorney fees against a losing plaintiff in a civil rights action "is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. The Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). "A prevailing defendant should only recover upon a finding by the district court that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994), *quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed.2d 648 (1978). The Supreme Court stated:
>
>> *In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.* No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.
>> . . . Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so.
>
> *Christiansburg*, 434 U.S. at 421, 98 S. Ct. 694 (italics added). To determine whether a claim is frivolous, unreasonable or groundless, the court must determine plaintiff's basis for filing suit. *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985).

Riddle, 266 F.3d at 547-48.

3

Defendants contend that Plaintiff's claims were frivolous, unreasonable, or without foundation for several reasons. First, Defendants contend that Plaintiff failed to present any factual basis to support his substantive and procedural due process claims. Second, Defendants note that Plaintiff misstated the holding of Goss v. Lopez, 419 U.S. 565, 95 S. Ct. 729 (1975), which governed his procedural due process claim, in his complaint and he continued to rely upon his flawed interpretation throughout the case even after it was brought to Plaintiff's counsel's attention. Third, Defendants note that Plaintiff failed to present any evidence or argument supporting his claims against the Board of Education of the Mona Shores Public Schools and Superintendent Babbitt and that he failed to cite any support for his overbreadth challenge to the Board's policies regarding "common courtesy" and "intimidation toward staff." Fourth, Defendants argue that Plaintiff's substantive due process and First Amendment claims were without a legal basis. Finally, Defendants note that Plaintiff failed to show that he suffered any adverse consequences, because he received his diploma on time and was able to enroll in the college of his choice.

The Court concludes that, while this action was not wholly frivolous or without foundation, some of the claims were frivolous, unreasonable, or groundless under the Christiansburg standard. In particular, Plaintiff's procedural due process claim was not frivolous or groundless. While it is true that Plaintiff failed to present any admissible evidence refuting Defendants' evidence that Plaintiff was afforded notice of the charges against him and an opportunity to present his side of the story, Plaintiff made at least a colorable argument that in light of the loss of the privilege of participating in his graduation ceremony, the case presented an "unusual situation" which Goss recognizes as requiring "something more than rudimentary procedures." Id. at 584, 95 S. Ct. at 1125. Although the Court rejected the argument, the argument was neither without foundation nor

entirely unreasonable. On the other hand, the substantive due process and First Amendment claims were both frivolous and/or groundless. With regard to the substantive due process claim, Plaintiff conceded that he did not have a fundamental right to attend school or to attend the commencement ceremony or other graduation events. His only argument was that there was no rational relationship between the suspension and the offense. However, that argument was baseless because, as the Court held, a school obviously has an interest in ensuring that its students act in a respectful manner towards teachers and staff and that they do not interfere with the orderly conduct of school activities. Plaintiff failed to present any reasonable argument that there was no rational relationship between the punishment and offense. Similarly, the First Amendment claim was frivolous because under the Supreme Court's decision in Bethel School District No. 403 v. Fraser, 478 U.S. 675, 106 S. Ct. 3159 (1986), school officials have wide latitude to prohibit and take disciplinary action for students' use of vulgar and lewd speech, such as Plaintiff's use of the term "dick" towards Defendant Vanderstelt in this case. Moreover, as the Court observed, the speech at issue in this case – insubordinate speech regarding a private grievance – is of the type to which courts have routinely declined to extend First Amendment protection.

      The Court also concludes that this case was groundless, in part, because Plaintiff failed to cite any factual or legal basis for holding the Board or Superintendent Babbitt liable for the alleged constitutional violations. As the Court noted in its opinion granting Defendant's motion, Plaintiff failed to present any factual or legal support for his claims against those Defendants. Therefore, those claims are considered frivolous. See Brown v. Fairleigh Dickinson Univ., 560 F. Supp. 391, 405 (D.N.J. 1983) (concluding that the plaintiff's claims under 42 U.S.C. §§ 1981, 1985, and Title VII against certain individual defendants were frivolous because the plaintiff failed to produce any

evidence showing that those defendants were involved in the decision to discharge the plaintiff).[1]

Having concluded that at least some of Plaintiff's claims warrant an award of attorney fees under Christiansburg, the Court must next determine the appropriate fee amount. In determining a reasonable attorney fee, the Court will apply the lodestar method. See Kissinger v. Singh, 304 F. Supp. 944, 953 (W.D. Mich. 2003). "'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) (quoting Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999)). The starting point in the analysis is the "lodestar figure," which is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. See Wayne v. Vill. of Sebring, 36 F.3d 517, 531 (6th Cir. 1994) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)). Duplicative and unnecessary hours should be excluded from the total number of reasonable hours. Id.

Defendants have requested a fee award in the amount of $20,139.00, representing a total of 191.26 hours of work performed on the case at an hourly rate of $105. Based upon fees that it has awarded in other cases, the Court concludes that the $105 hourly rate is well within the range for a reasonable hourly rate. However, although Defendants' counsel's billing entries provide some detail, they do not allocate the work performed to individual defendants or particular claims. Therefore, the Court is left to estimate the amount of time Defendants' counsel spent on the substantive due process and First Amendment claims. Based upon its review of the billing records, as well as the

---

[1] With regard to Defendants' argument that Plaintiff failed to address his overbreadth challenge in his response to Defendants' motion, the Court notes that Defendants themselves failed to address the overbreadth challenge in their motion and provided no legal argument in support of dismissing such a challenge. In other words, Plaintiff was not obligated to respond to an issue that Defendants failed to raise. The Court addressed the overbreadth challenge sua sponte as the issue was purely one of law.

6

pleadings, motions, and briefs filed in this case, the Court determines that there was substantial overlap in the work performed on the non-frivolous claim and the frivolous claims. In other words, even if Plaintiff had not included the substantive due process and First Amendment claims in his complaint and had not sued the Board and Superintendent Babbitt, much of the work still would have been necessary to defend against the procedural due process claim as to the remaining Defendants. In light of the absence of more specific details, the Court estimates that defense counsel performed 20 hours of work related solely to the frivolous claims. Therefore, pursuant to § 1988(b), the Court will award Defendants a total fee of $2,100.

Defendants also contend that an award of sanctions is appropriate under 28 U.S.C. § 1927, which provides:

> Any attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. A court may impose sanctions under § 1927 "when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" Holmes v. City Massillon, 78 F.3d 1041, 1049 (6th Cir. 1996) (quoting Rathbun v. Warren City Sch., (In re Ruben), 825 F.2d 977, 984 (6th Cir. 1987)). While a finding of bad faith is not necessary under § 1927, see Ridder v. City of Springfield, 109 F.3d 288, 298 (6th Cir. 1997), an attorney's misconduct "must amount to more than simple inadvertence or negligence that has frustrated the trial judge." Holmes, 78 F.3d at 1049.

The Court concludes that a limited award of fees against Plaintiff's counsel is appropriate under § 1927. As discussed above, Plaintiff's substantive due process and First Amendment claims,

7

and all claims against the Board and Superintendent Babbitt were frivolous. Plaintiff's counsel acted unreasonably in asserting those claims in the first instance. Accordingly, the Court will award the same $2,100 fee against Plaintiff's counsel under § 1927, such that Plaintiff and his counsel are jointly liable for the total fee award of $2,100.

An Order consistent with this Opinion will be entered.


Dated: April 18, 2005                              /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE